# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THERESA A. KOZLOWICZ,      )
                                 )        2:04-CV-01281-RCJ-(LRL)
        Plaintiff,      )
                                 )
     vs.            )          **ORDER**
                                 )
COMMISSIONER of SOCIAL     )
SECURITY ADMINISTRATION,   )
                                 )
        Defendant.    )
_____)

      This matter coming before the Court on Magistrate Judge Lawrence R. Leavitt's Report and Recommendation (#14), filed April 7, 2005, Plaintiff's Motion to Remand (#7), filed February 11, 2005, and Defendant's Motion for Affirmance (#10), filed March 18, 2005. The Court has considered the Motions, the pleadings on file, and oral arguments on behalf of the parties. IT IS HEREBY ORDERED that Magistrate Judge Lawrence R. Leavitt's Report and Recommendation (#14) is *affirmed*. Furthermore, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#7) is *denied*, and Defendant's Motion for Affirmance (#10) is *granted*.

1

1

**FACTS**

2      Presently before the Court is the Report and Recommendation (#14) entered by the

3  Honorable Lawrence R. Leavitt on April 8, 2005.  Pursuant to 28 U.S.C. §636(b)(1), the

4  Plaintiff had ten days in which to file objections to the magistrate judge's Report and

5  Recommendation.  Plaintiff  failed to file the objections and the time for filing the same has

6  expired. Moreover, the magistrate judge properly determined that Plaintiff's Motion to

7  Remand (#7) should be denied and that Defendant's Motion for Affirmance (#10) should be

8  granted.

9      Plaintiff, Teresa A. Kozlowicz, is a fifty-six year old individual who alleges that she

10 has been unable to work since December 1, 1990, due to neurological problems. Plaintiff had

11 been insured for disability benefits under Title II of the Social Security Act through

12 December 31, 1994.  However, Plaintiff filed for disability on November 7, 2002.

13 Plaintiff's claim was denied initially and upon reconsideration. A hearing was held before an

14 Administrative Law Judge ("ALJ") on March 18, 2004. The ALJ found that Plaintiff did not

15 have a disability within the meaning of the Social Security Act on or prior to the date last

16 insured—December 31, 1994. The Appeals Council denied a request to review the ALJ's

17 holding; thus, the ALJ decision stands as the final decision of the Commissioner of the Social

18 Security Administration.

19     On September 14, 2004, Plaintiff filed the instant action. Then, on February 11, 2004,

20 Plaintiff filed a Motion to Remand (#7). Defendant, the Commissioner of the Social Security

21 Administration, opposed this action. Subsequently, on March 18, 2005, Defendant filed a

22 Cross-Motion for Affirmance (#15).

23     The Honorable Lawrence R. Leavitt issued a Report and Recommendation (#14)

24

25                                    Page 2 of  9

1    regarding this matter on April 8, 2005.  He determined that Plaintiff's Motion to Remand

2    (#7) should be denied and that Defendant's Motion for Affirmance (#10) should be granted.

3         On August 22, 2005, the Court held a hearing regarding the Report and

4    Recommendation wherein the Court articulated its position that the Report and

5    Recommendation was correct and that it was unlikely that Plaintiff's evidence merited a

6    remand. On October 14, 2005, the parties filed a stipulation (#21) agreeing to allow Plaintiff

7    additional time to compile and present supplementary evidence in support of her claim. On

8    November 23, 2005, Plaintiff filed supplementary letters from Dr. Steve Glyman, and Renee

9    M. Gordon-Sharp, Plaintiff's former employer. Defendant filed a response on February 3,

10   2006.

**DISCUSSION**

11

12   **I.  Standard of Review**

13        The Court reviews *de novo* a magistrate judge's recommendations on determinations

14   of eligibility for Social Security benefits. 28 U.S.C. § 636(b)(1)(A)(B)[1].

15        Under the Social Security Act, to qualify for disability insurance benefits, a claimant

16   must establish: (1) that she is disabled within the meaning of the Social Security Act,

17   specifically, that she was unable "to engage in any substantial gainful activity by reason of

18

---

19   [1] (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending
before the court, except a motion for injunctive relief, for judgment on the pleadings, for

20   summary judgment, to dismiss or quash an indictment or information made by the defendant, to
suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to

21   dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss
an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A)

22   where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary

23   hearings, and to submit to a judge of the court proposed findings of fact and recommendations
for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . .

24

25

1    any medically determinable physical or mental impairment," 42 U.S.C. § 423(d)(1)(A); (2)

2    that her impairment(s) lasted "for a continuous period of not less than 12 months," id.; see

3    also 20 C.F.R. § 404.1509; and (3) that her period of disability began while she was "insured

4    for disability insurance benefits." 42 U.S.C. § 423(a)(1)(A).

5         A claimant is disabled if she proves: (1) that she is not presently engaged in a

6    substantial gainful activity; (2) that her disability is severe; and (3) that her impairment meets

7    or equals one of the specific impairments described in the regulations. Tackett v. Apfel, 180

8    F.3d 1094, 1098–99 (9th Cir. 1999).

9         The court's jurisdiction is limited to determining whether the Social Security

10   Administration's denial of benefits is supported by substantial evidence in the administrative

11   record. 42 USC § 405(g); see Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).

12   Substantial evidence has been defined as "more than a mere scintilla, but less than a

13   preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

14   support a conclusion." De la Fuente v. F.D.I.C., 332 F.3d 1208, 1220 (9th Cir. 2003) (internal

15   quotation and citation omitted). The reviewing court must consider the administrative record

16   as a whole and weigh the evidence both supporting and detracting from the ALJ's decision.

17   See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). If the evidence is susceptible to

18   more than one rational interpretation, the reviewing court will uphold the decision of the

19   ALJ. See Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

20        In the instant case, Plaintiff claims that she is permanently disabled as she has been

21   diagnosed as suffering from "myelopathic syndrome."  She claims "new evidence" has been

22   produced, which warrants remand to the Social Security Administration.

23

24

25                                    Page 4 of  9

1           **B.       Consideration of New Medical Evidence**

2           Plaintiff argues that the Court should remand her case to the ALJ so new medical

3    evidence about the severity and length of her disorder may be considered. Under sentence six

4    of section 405(g), the court "may at any time order additional evidence be taken before the

5    Secretary, but only upon a showing that there is new evidence which is material and that there

6    is good cause for the failure to incorporate such evidence into the record in a prior

7    proceeding." 42 U.S.C. § 405(g).[2]

8           The meaning of the requirement that additional evidence be "material" to justify

9    remand pursuant to § 205(g) is not obvious. While the term materiality has a commonly

10   accepted meaning in evidence law, the meaning of the term in § 205(g) is somewhat different

11   since it does not simply mean evidence that has a tendency to prove or disprove a disputed

12   matter.

13          The Ninth Circuit held in Mayes that for new evidence to be "material under section

14   405(g)," the new evidence must bear "directly and substantially on the matter in dispute." 276

15   F.3d at 462 (citing Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982)).  Additionally,

16   Plaintiff must demonstrate that there is a "'reasonable possibility' that the new evidence

17   would have changed the outcome of the administrative hearing." Id. (citing Booz v. Secretary

18   of Health & Human Servs., 734 F.2d 1378 (9th Cir. 1984)).

19          To demonstrate good cause, Plaintiff "must demonstrate that the new evidence was

20   unavailable earlier." Id.; see also Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If

21   new information surfaces after the Secretary's final decision and the claimant could not have

22   [2] In 1980, Congress, in response to a perception that the district courts were remanding cases where they merely
23   disagreed with the decisions of administrative law judges, amended the sixth sentence of § 205(g) to provide that the
     power of the district courts to remand a case at any time was limited to cases in which there was a showing made that
     there was additional evidence that was new and material and there was good cause for failing to incorporate such
24   evidence into the record in a prior proceeding.

25                                         Page 5 of  9

obtained that evidence at the time of the administrative proceeding, the good cause

requirement is satisfied.").

The "new evidence" presently at issue consists of letters written by Plaintiff's treating

physicians, Gary Flangas, M.D. and Steven A. Glyman, M.D, regarding their opinions as to

the likely diagnosis of Plaintiff's problems and potential treatments, and a letter written by

Renee M. Gordon-Sharp, Plaintiff's former employer. Dr. Flangas's letter states in pertinent

part that Plaintiff "has *evidence of* myelopathic syndrome which has been progressive and

debilitating and affects her normal activities of daily living.  She requires additional

treatment, including *possibilities of interventional surgery*."  (Gary Flangas, M.D., January

25, 2005, letter)(emphasis added).  Dr. Glyman's letter states the following:

> [Plaintiff] has a problem with the cervical spinal cord *which may be due to*
> cervical degenerative disease *but possibly due* to a degenerative disorder.  She
> is getting worked up [sic] by my office and by Dr. Gary Flangas.  *It is possible*
> *that* she may need to undergo a surgical procedure. At the present time she is
> totally disabled, and I believe that she is permanently disabled based on this
> condition.  She is unable to walk more than short distances.  She has spasticity
> in her legs and has lack of motor control of her upper extremities.  *I have only*
> *seen this individual at one time.*  It is *my understanding that* her condition
> has gone on for some time prior to my seeing this individual.  From what I can
> understand she has not changed greatly, and from *what they have told* me she
> has had this level of disability for many years.  A review of her records would
> confirm these facts.

(Steven A. Glyman, M.D., January 21, 2005, letter) (emphasis added).

The second letter from Dr. Steven Glyman submitted on November 23, 2005, is an

uncompleted check-off form questionnaire wherein Dr. Glyman has written additional

comments indicating that in his opinion, the onset of Plaintiff's condition occurred prior to

1994. However, the letter fails to state affirmatively that Plaintiff had a disability prior to

1995. (Steven A. Glyman, M.D., November 23, 2005, letter). The letter specifically states

that in Dr. Glyman's opinion, "[t]here is no question [Plaintiff's] symptoms and

abnormalities have been present prior to Dec. 1994." The letter indicates that Plaintiff's MRI taken in September of 1995, shows amongst other things, that Plaintiff had "significant degeneration," in her spine, which "[does] not occur quickly, but typically long term," and was "likely present prior to Dec. 1994." (Id. at 1.)

The letter from Plaintiff's former employer, Renee M. Grdon-Sharp ("Gordon-Sharp"), relates that Gordon-Sharp noticed Plaintiff's condition deteriorate during the year of 1989. According to Gordon-Sharp, Plaintiff began "stumbling, tripping, and falling," and dropping items. (Renee M. Gordon-Sharp, October 24, 2005, letter). The letter relates that due to Plaintiff's condition she decided to quit working so as not to hurt herself, or anyone else. (Id.)

The Social Security Act's statutory scheme requires that a disability be continuously disabling from the time of onset during insured status to the time of application for benefits, if an individual applies for benefits for a current disability after the expiration of insured status. Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1460 (9th Cir. 1995), citing Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984).

The criteria for "insured status" are set forth at 42 USC § 423(c) and related regulations. Plaintiff's "insured status" ended on December 31, 1994. Although a claimant may establish such continuous disabling severity by means of a retrospective diagnosis, a "[c]laimant is not entitled to disability benefits unless [s]he can demonstrate that [her] disability existed prior to the expiration of [her] insured status." Flaten, 44 F.3d at 1461, n.4. Deterioration in a claimant's condition subsequent to expiration of her insured status is "irrelevant." Id.

1    The principles set forth in <u>Flaten</u> are dispositive of this case. The letters sent by

2    Plaintiff's treating physicians, dated January 21, 2005, and January 25, 2005, reflect

3    Plaintiff's current condition, rather than Plaintiff's condition during the time period relevant

4    to this appeal. The letter from Plaintiff's physician dated November 23, 2005, and letter from

5    Gordon-Sharp likewise fail to establish conclusively that Plaintiff suffered from a disability

6    prior to December 31, 1994.

7    The Court finds that the additional medical evidence does not indicate that Plaintiff

8    had a disability during the period in question—prior to December 31, 1994; and is not

9    material for the purposes of determining the onset date of Plaintiff's disability.  Dr. Glyman

10   alludes to a lengthy disability when he states, "It is my understanding that her condition has

11   gone on for some time prior to my seeing [Plaintiff].  From what I can understand she has not

12   changed greatly, and from what they have told me she has had this level of disability for

13   many years."  However, this statement, by his own admission, is only a reiteration of what

14   Plaintiff told him regarding the duration of the problems.  Dr. Glyman then states that, "A

15   review of her records would confirm these facts."  However, Plaintiff has not provided any

16   new evidence that a medical professional has reviewed her medical records and demonstrated

17   that she was disabled prior to the expiration of her insured status. <u>See</u> <u>Flaten</u>, 44 F.3d at 1461,

18   n.4. Further, Dr. Glyman's more recent letter indicates that he did not review Plaintiff's

19   records prior to 1995, and makes conclusory statements that Plaintiff's condition is a

20   "degenerative" and  "long-term" condition that likely existed prior to December 1994.

21   In short, these letters do not establish that Plaintiff was disabled before December 31,

22   1994. Therefore, there is no "new evidence" that would show that Plaintiff was disabled

23   during the disability insurance benefit pursuant to Title II of the Social Security Act, 42

24

25   Page 8 of  9

U.S.C. § 401, et seq.  Additionally, Plaintiff has failed to demonstrate good cause for failing to produce the recent additional evidence earlier. Accordingly, Plaintiff's Motion to Remand (#7) this case so that the Secretary can consider this "new evidence" is denied.

## CONCLUSION

IT IS HEREBY ORDERED that Magistrate Judge Lawrence R. Leavitt's Report and Recommendation (#14) is *affirmed*. Furthermore, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#7) is *denied*, and Defendant's Motion for Affirmance (#10) is *granted*.

DATED: September 11, 2006.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE